IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE JIMERSON, #286337, )<br>                                                              )<br>        Plaintiff,                                     )<br>                                                              )<br>    v.                                                     )<br>                                                              )<br>                                                              )<br>KIM TOBIAS THOMAS, et al.,             )<br>                                                              )<br>        Defendants.                              ) | CIVIL ACTION NO. 2:14-CV-491-MEF<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael Wayne Jimerson ("Jimerson"), a state inmate, filed this 42 U.S.C. § 1983 action asserting violations of his Eighth and Fourteenth Amendment rights stemming from alleged systemic deficiencies at the Ventress Correctional Facility. Jimerson did not submit the $350 filing fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 4*. In support of this request, Jimerson provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Jimerson and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Jimerson owed an initial partial filing fee of $36.07. *June 27, 2014 Order - Doc. No. 5 at 1-2*. The court therefore ordered Jimerson to pay the initial partial filing fee on or before July 18, 2014. *Id*. at 2. In addition, this order specifically informed Jimerson "**that it is his responsibility to submit the appropriate**

**paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original).  The order also "advised [Jimerson] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3.  Moreover, the court specifically cautioned Jimerson that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Jimerson has failed to pay the initial partial filing fee within the time allowed by this court.  In addition, Jimerson did not advise the court of the need for an extension to pay the partial filing fee as directed by the aforementioned order nor did he provide any reason for his failure to pay this fee.  The court therefore concludes that this case is due to be dismissed.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.  It is further

ORDERED that on or before August 11, 2014 the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the  Recommendation

objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 28th day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE